**564**

STATE of Missouri ex rel. Christopher S. BOND as Acting Commissioner of Administration, Relator,

v.

The Honorable Russell N. PICKETT, Judge, Magistrate Court of Grundy County, Missouri, Respondent.

No. 58561.

Supreme Court of Missouri, En Banc.

Sept. 9, 1974.

Rehearing Denied Oct. 14, 1974.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for relator.

James T. Holcomb, Trenton, for respondent.

PER CURIAM:

In this original proceeding in prohibition, relator seeks to prohibit respondent from holding a hearing to resolve whether or not relator should be held in contempt for failure to obey a court order.

Factually, the record reflects that one Charles Thomas Kouns appeared before respondent, then acting in his capacity as Judge of the Magistrate Court of Grundy County, after being charged with contributing to the delinquency of a minor, a misdemeanor, in violation of § 559.360, RSMo 1969, V.A.M.S.; that said offense was punishable by imprisonment in the county jail for a term not exceeding six months or by a fine not exceeding five hundred dollars or by both such fine and imprisonment; that respondent found the defendant Kouns to be indigent and appointed one James T. Holcomb, an attorney, to act as counsel for defendant; that for such services respondent allowed an attorney fee which relator has failed and refused to pay. The contempt proceedings followed.

Respondent relies on State v. Green, 470 S.W.2d 571 (Mo. banc 1971) and Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

In the majority opinion in Green, as well as in the concurring and dissenting opinions filed therein, the free public service historically provided to indigents by the bar of this state was fully recorded. The court held that the attorneys of this state, thereafter, would not be compelled to discharge *alone* what was constitutionally a burden of the state; but, in addition, the court expressly did recognize that it was an appropriate subject for the General As-

sembly to devise a permanent solution. The legislative department did appreciate the validity of the holding in Green as evidenced by the enactment of the Public Defenders And Defenses Act now found in Chapter 600 of the statutes, Laws 1972, p. 1035, H.B.No. 1314. As may be seen in § 600.045 thereof, the solution was limited, generally, to "indigent persons" . . . "charged or detained in connection with a felony."

Thereafter, the Supreme Court of the United States said in Argersinger v. Hamlin, 407 U.S. 25, at 1. c. 37, 92 S.Ct. 2006, at 1. c. 2012, 32 L.Ed.2d 530 (1972): "We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

Absent an opportunity for this court, again, to direct itself to the problem in light of the holding in Argersinger, we would be remiss in failing to acknowledge the legal quandary in which respondent was placed.

Nevertheless, it is an obvious truth that consideration must be given to the practical aspects of the problem; and, as experience has shown, the best solution, and implementation of the same, will follow a cooperative effort of the executive, legislative and judicial branches of our state government as well as that of the members of the organized bar of the state. Success in that effort will be more readily attained if expressions of the judicial department are not fragmented, and for that reason, under our superintending control of the courts of this state, Art. 5, § 4, 1945 Missouri Constitution, V.A.M.S., we reserve the decision-making power in this connection.

A peremptory writ of prohibition should issue and it is so ordered.

All concur.